

IT IS ORDERED

Date Entered on Docket: September 5, 2014

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re:

COLLEGE OF CHRISTIAN BROTHERS OF
NEW MEXICO,

Debtor.

Case No. 12-11195 j7
Chapter 7

### ORDER ON ABANDONMENT OF ASSETS PURSUANT TO 11 U.S.C. §554

This matter came before the court on the College of the Christian Brothers of New Mexico's (the "Debtor's") Motion for Order that Assets Are Abandoned Pursuant to 11 U.S.C. §554, filed on August 11, 2014, as Doc. # 130 (the "Motion"). The Court being fully advised in the matter hereby finds:

1. The Motion was filed on August 11, 2014, by which the Debtor sought an order that all claims asserted by the Debtor in a case in the First Judicial District Court, County of Santa Fe, State of New Mexico, captioned Hymel v. College of Christian Bothers of New Mexico, et al., Case No. D-101-CV-009-03159 (the "State Court Action"), including Debtor claim's against Risk Pooling Trust (the "Insurance Company") for Indemnification, which claim was listed in the Debtor's schedules with a value of $60,000.

2. Debtor believes that it can negotiate a settlement with the Insurance Company that would result in funds the Debtor could use to pay its insurance premiums and other debts incurred in the course of its ordinary business.

3. Such an outcome would be beneficial to the Estate since the Debtor would not have to seek the Court's approval for additional distributions while this case is pending.

4. In the two and a half years this case has been pending, the Trustee has not taken any steps to participate in the State Court Action and is unlikely to do so, since the funds currently being held by the Trustee have already made this case a surplus case.

5. The claims of the Debtor made in the State Court Action are burdensome to the estate and are of inconsequential value and benefit to the Estate since the funds currently being held by the Trustee have already made this case a surplus case.

6. The Trustee did not oppose the relief sought in the Motion.

7. As shown on the notice filed on August 11, 2014 as Doc. #131, (the "Notice") the Motion was served on all persons listed on the mailing matrix kept in this case on August 11, 2014.

8. The Notice provided that any party objecting to the Motion must file an objection within 14 days (plus three days for service by mail) of service of the Motion.

9. The Notice was pursuant to the rules and appropriate in this circumstance.

10. No objections to the Motion were filed within the deadline provided by the Notice.

IT IS ORDERED as follows:

A. All claims asserted by the College of the Christian Brothers of New Mexico in The Companies, the State Court Litigation the First Judicial District Court, County of Santa Fe,

State of New Mexico, captioned Hymel v. College of Christian Bothers of New Mexico, et al., Case No. D-101-CV-009-03159, including claims against Risk Pooling Trust for indemnification are deemed abandoned by, and no longer part of, the Estate.

    B.    The College of the Christian Brothers of New Mexico is the rightful party in interest to the claims identified in paragraph A and is authorized to negotiate and settle all such claims.

SO ORDERED

**END OF ORDER**

Submitted by:

WALKER & ASSOCIATES, P.C.

By: __s/ Samuel I. Roybal_____
    Thomas D. Walker
    Samuel I. Roybal
    500 Marquette Ave. NW, Suite 650
    Albuquerque, NM 87102
    (505) 766-9272
Attorneys for the Debtor